LEHAN, Judge.
We affirm the trial court’s determination in its final summary judgment that certain real property owned by the minor ward of appellant guardian is subject to the mortgage dated October 17, 1987, held by appel-leé. The property passed to the ward pursuant to a probate court ruling that the property had been the homestead of the ward’s deceased mother.
We address each of appellant’s contentions in support of her position that the mortgage is ineffective as against the ward’s ownership interest in the property.
First, contrary to appellant’s contention, the homestead status of the property did not preclude its being mortgaged by the decedent. See Art. X, § 4(c), Fla. Const. (1987).
Second, appellant points out that the deed bearing a date of July 15, 1988 by which the decedent acquired title to the property was not recorded until that date, which was after the death of the decedent and after the probate court on January 4, 1988 had declared the property to have been decedent’s homestead and to be the property of the ward. Appellant contends that under these circumstances the after acquired title doctrine should not apply so as to effectuate the October 17, 1987 mortgage as having been executed by the owner of the property. Be that as it may, we agree with the position of appellee that that deed was not necessary to the effectu-ation of the mortgage inasmuch as the decedent on October 17, 1987 already had equitable title to the property pursuant to an agreement for deed she had entered into on January 28, 1980 as purchaser from appellee's predecessors in interest. See 55 Am.Jur.2d Mortgages § 106 (1971).
Third, appellant contends that the mortgage, not having been recorded until July 15, 1988, which was after the date the probate court declared the property to have been decedent’s homestead property and to be the property of the ward, does not take precedence over the ward’s ownership interest. The contention is in effect that the ward occupies the position of a bona fide purchaser for value who acquired the ownership interest without notice of the mortgage. However, those whose interests in real property are protected from a mortgage recorded after their interests were acquired are designated as “creditors” or “purchasers” of the property in section 695.01, Florida Statutes (1987), and the *401 ward in this case was neither. See 66 Am.Jur.2d Records and Recording § 165 (1973).
Fourth, contrary to appellant’s apparent contention, appellee’s mortgage lien was not impaired by the failure to file a claim therefor against the deceased mortgagor’s estate. See § 733.702(3)(a), Fla. Stat. (1987).
We remand for further proceedings to address appellant's petition for declaratory relief which asked for an equitable determination of appellant’s rights and responsibilities under the mortgage which was ten months in default under its terms at the time it was recorded. Appellant seeks relief, apparently in the form of abatement of interest, from a strict construction and enforcement of the mortgage. Appellant asserts that during the period of the delay in the recordation of the mortgage principal and interest obligations accumulated to the point where appellant has insufficient funds with which to bring the mortgage current and to avoid potential loss through foreclosure of the ward’s homestead. On remand the trial court should also address the appellant’s petition for attorney’s fees and costs.
Affirmed in part and remanded for proceedings consistent herewith.
RYDER, A.C.J., and LUTEN, CLAIRE K., Associate Judge, concur.